Application for Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | |
|---|---|
| In the Matter of the Search of:<br><br>Robert L. Devarennes Jr. | Case No.    MJ21-5014 |

## APPLICATION FOR A SEARCH WARRANT FOR BLOOD SAMPLE

I, xx, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that a sample of blood consisting of one of more tubes or vials should be taken from the following person: Robert L. Devarennes Jr., located in the Western District of Washington and that this blood sample is evidence of the following crime or crimes.

☒ Driving While Under the Influence in violation of RCW 46.61.502, 18 U.S.C. § 13, and 36 C.F.R § 4.23 or 38 C.F.R. § 1.218

☐ Physical Control of a Vehicle While Under the Influence of Alcohol or Drugs in violation of RCW 46.61.504, 18 U.S.C. § 13, and 36 C.F.R § 4.23 or 38 C.F.R. § 1.218

☐ Driver under Twenty-One Consuming Alcohol or Marijuana in violation of RCW 46.61.503 and 18 U.S.C. § 13

☐ Vehicular Homicide in violation of RCW 46.61.520 and 18 U.S.C. § 13

☐ Vehicular Assault in violation of RCW 46.61.524 and 18 U.S.C. § 13

☐ _____

This application is based on the facts set forth in the attached affidavit which is incorporated herein as if fully set forth.

Pursuant to Fed. R. Crim. P. 4.1 & 41(d)(3), this warrant is presented:

☒ By reliable electronic means.     ☐ Telephonically (and recorded).

_____
Timothy D. Johnson, Lead Police Officer, JBLM PD

The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone on this 18th day of January, 2021.

_____
THE HONORABLE MICHELLE L. PETERSON
UNITED STATES MAGISTRATE JUDGE

STATE OF WASHINGTON )
) ss
COUNTY OF **PIERCE** )

## AFFIDAVIT OF TIMOTHY D. JOHNSON

I, Timothy D. Johnson, a Lead Police Officer, with the Joint Base Lewis-McChord Police Department, Joint Base Lewis-McChord, Washington, having been duly sworn, state as follows:

## AFFIANT BACKGROUND

1. I have served as a law enforcement officer for the past 18 years. My training and experience relevant to the investigation discussed below includes the following:

- ☒ Basic Training at the Federal Law Enforcement Training Accreditation (FLETA)

- ☐ Basic Law Enforcement Academy at the Washington Criminal Justice Training Commission

- ☒ Standardized Field Sobriety Testing

- ☒ Advised Roadside Impaired Driving Enforcement Training

2. The information presented in this affidavit is:

- ☒ Based on my personal observations and interviews that I have conducted.

- ☒ Based on the personal observations and interviews conducted by Specialist Elizabeth A. Blough, who is Military Police Officer with the Joint Base Lewis-McChord Police Department.

## INTRODUCTION AND PURPOSE OF THE AFFIDAVIT

3. The purpose of this affidavit is to seek a search warrant to authorize me or other law enforcement officers to direct a physician, a registered nurse, a licensed practical nurse, a nursing assistant as defined in Chapter 18.88A of the Revised Code of

Washington (RCW), a physician assistant as defined in chapter 18.71A of the RCW, a first responder as defined in chapter 18.73 of the RCW, an emergency medical technician as defined in chapter 18.73 of the RCW, a health care assistant as defined in chapter 18.135 of the RCW, or any technician trained in withdrawing blood to extract a blood sample consisting of one or more tubes or vials from Robert L. Devarennes Jr. (hereafter "the Subject"). This warrant is requested for the purpose of gathering evidence of the following crime(s):

- ☒ Driving While Under the Influence in violation of RCW 46.61.502, 18 U.S.C. § 13, and 36 C.F.R § 4.23 or 38 C.F.R. § 1.218
- ☐ Physical Control of a Vehicle While Under the Influence of Alcohol or Drugs in violation of RCW 46.61.504, 18 U.S.C. § 13, and 36 C.F.R § 4.23 or 38 C.F.R. § 1.218
- ☐ Driver under Twenty-One Consuming Alcohol or Marijuana in violation of RCW 46.61.503 and 18 U.S.C. § 13
- ☐ Vehicular Homicide in violation of RCW 46.61.520 and 18 U.S.C. § 13
- ☐ Vehicular Assault in violation of RCW 46.61.524 and 18 U.S.C. § 13
- ☐ _____

4. I am seeking to present this application for a search warrant by electronic means because the natural metabolization of alcohol or drugs in the bloodstream may result in the loss of this evidence in the time it would take to present a search warrant application in a more traditional fashion.

## SUMMARY OF PROBABLE CAUSE

5. As a result of my duties I am familiar with the jurisdictional boundaries of Joint Base Lewis-McChord, located in Pierce County, Washington. The incident described below occurred within these jurisdictional boundaries, an area within the special maritime and territorial jurisdiction of the United States as defined in 18 U.S.C. § 7.

6. The initial contact with the Subject occurred on January 18th, 2021 at approximately 1:31 a.m. at Joint Base Lewis-McChord. Specialist Blough was traveling eastbound on Pendleton Avenue and observed a 2013 Volkswagen, with Washington

AFFIDAVIT OF Timothy D. Johnson - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  license plate number BTF5917, facing eastbound on Pendleton Avenue, with the right
2  side wheels over a curb and in a ditch located on the north side of the roadway. As
3  Specialist Blough approached the vehicle, she observed the driver was rapidly
4  accelerating in an attempt to recover from the ditch. Specialist Blough made contact with
5  Alex G. Rodriguez, who was seated in the left front driver's seat. Mr. Rodriguez
6  informed Specialist Blough that he had switched seats with the Subject, who had been
7  driving and had driven into the ditch, adding the Subject was "way too drunk to drive."
8  Specialist Blough made contact with the Subject and detected a strong odor of an
9  alcoholic beverage emanating from his person.

10    7.    I subsequently arrived at the scene. Based on my training and experience, I
11 believe the Subject was under the influence of intoxicants or drugs for the following
12 reasons. I made contact with the subject, and immediately detected a strong odor of an
13 alcoholic beverage emanating from his person. The Subject had watery and bloodshot
14 eyes and his cheeks were flushed. I asked the Subject if he had been driving the vehicle,
15 and he responded stated he had. I asked the Subject if he had consumed any alcoholic
16 beverages prior to driving. He said he had three mixed drinks, which were doubles,
17 beginning at 9:00 p.m. and ending at 12:00 a.m. I asked the Subject if he would be
18 willing to submit to a series of voluntary Standardized Field Sobriety Tests, which he
19 agreed to do.

20    8.    The first test I administered was the Horizontal Gaze Nystagmus test. I
21 detected a lack of smooth pursuit in the left and right eye, distinct and sustained
22 nystagmus at maximum deviation in the left and right eye and onset of nystagmus prior to
23 45 degrees in the left and right eye. During the Horizontal Gaze Nystagmus test, I
24 observed six of six clues showing obvious signs of impairment.

25    9.    The next test I administered was the Walk and Turn test. During the
26 instructional phase, the Subject was unable to maintain balance and was repeatedly
27 instructed to return to the starting position. While performing the test, the Subject stepped
28 off line on steps 2, 5, and 7, missed heel-to-toe contact on steps 1 thru 9 and raised his

arms for balance on steps 1 thru 9 during the first 9 steps. The Subject conducted an improper turn by turning to the right and stopping, asking what he needed to do next. After being instructed to complete the test by returning to the starting position, the Subject stepped off line on steps 3, 5 and 8, missed heel-to-toe contact on steps 1 thru 9, raised his arms for balance on steps 1 thru 9, and continued walking 4 additional steps totaling 13 steps, for the second 9 steps. During the Walk and Turn test, I observed seven of eight clues showing obvious signs of impairment.

10. The next test I administered was the One Leg Stand test. During the instructional phase, the Subject was unable to maintain balance, requiring me to catch his fall. During the test, the Subject elected to raise his left foot. The Subject raised his arms from his sides approximately 10 inches and raised his left foot, which he quickly put down three times before saying he wanted to raise his right foot. The Subject raised his right foot approximately 3 inches and brought his arms approximately 10 inches from his sides, before dropping his right foot to the ground and stumbling, again requiring me to catch his fall. The Subject stated "I can't do this." During the One Leg Stand test, I observed three of four clues showing obvious signs of impairment.

11. The Subject was asked if he would be willing to submit to a preliminary breath test which he refused to do. The Subject was apprehended for suspicion of Driving Under the Influence and transported to the Joint Base Lewis-McChord Provost Marshal Office, where he was advised of his rights, which he invoked, and advised of the Implied Consent, which the Subject acknowledged understanding, however refused to provide evidentiary breath samples. The Subject refused to submit to a voluntary blood draw. The Subject:

⊠ Has refused to take a breath Alcohol test on an instrument approved by the State Toxicologist or a federal agency for such breath testing.

☐ Is being treated in a hospital, clinic, doctor's office, emergency medical vehicle, ambulance, or other similar facility, or is at a location that lacks an instrument approved by the State Toxicologist or a federal agency for performing such breath testing, and has refused to submit to a blood test.

- ☐ Is incapable due to physical injury, physical incapacity, or other physical limitation of submitting to a breath alcohol test, and the defendant has refused to submit to a blood test.
- ☒ Has refused to submit to a blood test at the request of the undersigned.
- ☐ Was not offered an opportunity to take a breath alcohol test on an instrument approved by the State Toxicologist or a federal agency for such breath testing because:
  - ☐ The available instrument is currently out of order
  - ☐ The individual does not speak English and the implied consent warnings are not available in a language that the defendant understands
  - ☐ _____
- ☐ Submitted to a breath test on an instrument approved by the State Toxicologist or a federal agency for such breath testing but the breath alcohol concentration reading of xx **BAC LEVEL** is not consistent with the defendant's level of impairment suggesting that the defendant is under the influence of a drug.

12. A sample of blood extracted from the Subject if taken within a reasonable period of time after he/she last operated, or was in physical control of, a motor vehicle, may be tested to determine his/her current blood alcohol level and to detect the presence of any drugs that may have impaired his/her ability to drive.

## CONCLUSION

13. For the reasons stated above, I request authority to direct a physician, a registered nurse, a licensed practical nurse, a nursing assistant as defined in chapter 18.88A of the RCW, a physician assistant as defined in chapter 18.71A of the RCW, a first responder as defined in chapter 18.73 of the RCW, an emergency medical technician as defined in chapter 18.73 of the RCW, a health care assistant as defined in chapter 18.135 of the RCW, or a technician trained in withdrawing blood to extract a blood sample consisting of one or more tubes or vials from Robert L. Devarennes Jr.

14. This application for a warrant is being presented electronically pursuant to Fed. R. Crim P. 4.1 & 41(d)(3).

AFFIDAVIT OF Timothy D. Johnson - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

15. I certify (or declare) under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated this 18th day of January, 2021.

_____
Timothy D. Johnson, Affiant
Lead Police Officer, **JBLM PD**

The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit on 18th day of January, 2021.

_____
THE HONORABLE MICHELLE L. PETERSON
UNITED STATES MAGISTRATE JUDGE

AFFIDAVIT OF Timothy D. Johnson - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970